GOLLATZ, GRIFFIN & EWING, P.C.
Attorneys for Defendants
By:  Matthew J. Norris (MN-9929)
Four Penn Center, Suite 200
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103-2808
(215) 563 9400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
DLJ MORTGAGE CAPITAL, INC.,                          :
                                                     :
                              Plaintiff,             :
                                                     :   **ANSWER**
             -against-                               :
                                                     :   07 Civ. 1418 (HB)
SUNSET DIRECT LENDING, LLC, SUNSET                   :
MORTGAGE CO., L.P. and THE SUNSET                    :
COMPANIES L.P.,                                      :
                                                     :
                              Defendants.            :   Jury Trial Demanded
-------------------------------------------------------------- x

       Defendants Sunset Direct Lending, LLC, Sunset Mortgage Company, L.P. (incorrectly named in the Complaint as "Sunset Mortgage Co., L.P.") and The Sunset Companies, L.P., by and through undersigned counsel, do hereby timely answer Plaintiff's Complaint (the "Complaint"), and allege in support thereof as follows.  All references to "Paragraphs" refer to the Paragraphs of the Complaint, and the numbered responses below parallel the Complaint's numbering system.  Any allegation in the Complaint or the attachments thereto not specifically addressed below is hereby denied.

## AS TO THE ALLEGATIONS ENTITLED "JURISDICTION AND VENUE"

       1.    Paragraph 1 contains statements of law to which no response is required; however, Defendants deny that the amount in controversy in this action is in excess of $75,000.00.

1

2. Paragraph 2 contains statements of law to which no response is required.

## AS TO THE ALLEGATIONS ENTITLED "THE PARTIES"

3. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 3, and the same are therefore denied.

4. Denied that Sunset Direct Lending, LLC is a "mortgage banker." The remaining allegations of Paragraph 4 are admitted.

5. Defendants admit the allegations of Paragraph 5.

6. Defendants admit the allegations of Paragraph 6.

## AS TO THE ALLEGATIONS ENTITLED "FACTUAL ALLEGATIONS"

7. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. and purportedly entered into by an authorized representative of Sunset Mortgage Company, L.P. (which does not appear to have been attached to the Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

8. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. and purportedly entered into by an authorized representative of Sunset Mortgage Company, L.P. (which does not appear to have been attached to the Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

9. Defendant admits that Plaintiff and Defendant Sunset Direct Lending, LLC entered into a loan purchase agreement. Defendant further avers that the Agreement, which does not appear to have been attached to the Complaint, speaks for itself, and any allegations inconsistent therewith are hereby denied.

10. Defendants admit that Plaintiff and Defendant Sunset Direct Lending, LLC entered into a loan purchase agreement. Defendant further avers that the Agreement, which does

not appear to have been attached to the Complaint, speaks for itself, and any allegations inconsistent therewith are hereby denied.

11. Defendants deny the allegations of Paragraph 11.

12. Defendants deny the allegations of Paragraph 12.

## AS TO THE ALLEGATIONS ENTITLED "THE EARLY PAYMENT DEFAULT LOANS"

13. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct Lending, LLC speaks for itself, and any allegations inconsistent therewith are hereby denied.

14. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct Lending, LLC ("Sunset Direct") speaks for itself, and any allegations inconsistent therewith are hereby denied.

15. Defendants deny the allegations of Paragraph 15.

16. Defendants deny the allegations of Paragraph 16 and further deny any allegations contained in or implied by "Exhibit A" to the Complaint.

17. Defendants admit that Sunset Direct has not repurchased the loans to which Paragraph 17 refers. Defendants deny the remaining allegations of Paragraph 17.

18. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. and purportedly entered into by an authorized representative of Sunset Mortgage Company, L.P. (which does not appear to have been attached to the Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

19. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. ("Sunset Mortgage") and purportedly entered into by an authorized representative of Sunset Mortgage (which does not appear to have been attached to the

Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

20. Defendants deny the allegations of Paragraph 20 and further deny any allegations contained in or implied by "Exhibit B" to the Complaint.

21. Defendants admit that Sunset Mortgage has not repurchased the loans to which Paragraph 21 refers. Defendants deny the remaining allegations of Paragraph 21.

**AS TO THE ALLEGATIONS ENTITLED "THE PREMIUM RECAPTURE LOANS"**

22. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants deny the allegations of Paragraph 24 and further deny any allegations contained in or implied by "Exhibit C" to the Complaint.

25. Defendants admit that Sunset Direct has not repurchased the loans to which Paragraph 25 refers. Defendants deny the remaining allegations of Paragraph 25.

26. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. ("Sunset Mortgage") and purportedly entered into by an authorized representative of Sunset Mortgage (which does not appear to have been attached to the Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

27. Defendants deny the allegations of Paragraph 27.

28. Defendants deny the allegations of Paragraph 28 and further deny any allegations contained in or implied by "Exhibit D" to the Complaint.

29. Defendants admit that Sunset Mortgage has not repurchased the loans to which Paragraph 29 refers. Defendants deny the remaining allegations of Paragraph 29.

## AS TO THE ALLEGATIONS ENTITLED "THE BREACH OF REPRESENTATIONS AND WARRANTIES LOANS"

30. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

31. Defendants deny the allegations of Paragraph 31.

32. Defendants deny the allegations of Paragraph 32 and further deny any allegations contained in or implied by "Exhibit E" to the Complaint.

33. Defendants admit that Sunset Direct has not repurchased the loans to which Paragraph 33 refers. Defendants deny the remaining allegations of Paragraph 33.

34. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. ("Sunset Mortgage") and purportedly entered into by an authorized representative of Sunset Mortgage (which does not appear to have been attached to the Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36 and further deny any allegations contained in or implied by "Exhibit F" to the Complaint.

37. Defendants admit that Sunset Mortgage has not repurchased the loans to which Paragraph 37 refers. Defendants deny the remaining allegations of Paragraph 37.

## AS TO THE ALLEGATIONS ENTITLED "THE SUNSET COMPANIES L.P. GUARANTY"

38. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

39. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

## AS TO THE ALLEGATIONS ENTITLED "INDEMNIFICATION OBLIGATIONS UNDER THE LOAN PURCHASE AGREEMENTS"

40. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

41. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. ("Sunset Mortgage") and purportedly entered into by an authorized representative of Sunset Mortgage (which does not appear to have been attached to the Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

## AS TO THE ALLEGATIONS ENTITLED "FIRST CLAIM FOR RELIEF"

42. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 41 of the Complaint as though fully set forth herein.

43. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

44. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

45. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

46. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

47. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

48. Defendants admit that Plaintiff has made demands for payment upon Sunset Direct, and Defendants deny the remaining allegations of Paragraph 48.

49. Defendants admit that Plaintiff has made demands for payment upon Sunset Direct, and Defendants deny the remaining allegations of Paragraph 49.

50. Defendants admit that Sunset Direct has not repurchased the loans to which Paragraph 50 refers. Defendants deny the remaining allegations of Paragraph 50.

51. Defendants admit that Sunset Direct has not repurchased the loans to which Paragraph 51 refers. Defendants deny the remaining allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

## AS TO THE ALLEGATIONS ENTITLED "SECOND CLAIM FOR RELIEF"

55. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 54 of the Complaint as though fully set forth herein.

56. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. ("Sunset Mortgage") and purportedly entered into by an authorized representative of Sunset Mortgage (which does not appear to have been attached to the Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

57. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. ("Sunset Mortgage") and purportedly entered into by an authorized representative of Sunset Mortgage (which does not appear to have been attached to the Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

58. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. ("Sunset Mortgage") and purportedly entered into by an authorized representative of Sunset Mortgage (which does not appear to have been attached to the Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

59. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. ("Sunset Mortgage") and purportedly entered into by an authorized representative of Sunset Mortgage (which does not appear to have been attached to the Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

60. Defendants admit that Plaintiff has made demands for payment upon Sunset Mortgage, and Defendants deny the remaining allegations of Paragraph 60.

61. Defendants admit that Plaintiff has made demands for payment upon Sunset Mortgage, and Defendants deny the remaining allegations of Paragraph 61.

62. Defendants admit that Sunset Mortgage has not repurchased the loans to which Paragraph 62 refers. Defendants deny the remaining allegations of Paragraph 62.

63. Defendants admit that Sunset Mortgage has not repurchased the loans to which Paragraph 63 refers. Defendants deny the remaining allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

**AS TO THE ALLEGATIONS ENTITLED "THIRD CLAIM FOR RELIEF"**

67. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68. Defendants admit that Sunset Direct received various payments from the Plaintiff during the duration of the relationship between the parties.

69. Defendants deny the allegations of Paragraph 69, to the extent that a response is required, as some of the allegations contained therein contain apparent conclusions of law.

70. Defendants deny the allegations of Paragraph 70, to the extent that a response is required, as some of the allegations contained therein contain apparent conclusions of law.

71. Defendants deny the allegations of Paragraph 71.

**AS TO THE ALLEGATIONS ENTITLED "FOURTH CLAIM FOR RELIEF"**

72. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 71 of the Complaint as though fully set forth herein.

73. Defendants admit that Sunset Mortgage received various payments from the Plaintiff, either directly or indirectly.

74. Defendants deny the allegations of Paragraph 74, to the extent that a response is required, as some of the allegations contained therein contain apparent conclusions of law.

75. Defendants deny the allegations of Paragraph 75, to the extent that a response is required, as some of the allegations contained therein contain apparent conclusions of law.

76. Defendants deny the allegations of Paragraph 76.

**AS TO THE ALLEGATIONS ENTITLED "FIFTH CLAIM FOR RELIEF"**

77. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 76 of the Complaint as though fully set forth herein.

78. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

79. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

80. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

81. Defendants deny the allegations of Paragraph 81.

**AS TO THE ALLEGATIONS ENTITLED "SIXTH CLAIM FOR RELIEF"**

82. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 81 of the Complaint as though fully set forth herein.

83. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. ("Sunset Mortgage") and purportedly entered into by an authorized representative of Sunset Mortgage (which does not appear to have been attached to the Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

84. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. ("Sunset Mortgage") and purportedly entered into by an authorized representative of Sunset Mortgage (which does not appear to have been attached to the Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

85. Defendants aver that any agreement between Plaintiff and Sunset Mortgage Company, L.P. ("Sunset Mortgage") and purportedly entered into by an authorized representative of Sunset Mortgage (which does not appear to have been attached to the

Complaint), to the extent that any such agreement exists, speaks for itself, and any allegations inconsistent therewith are hereby denied.

86. Defendants deny the allegations of Paragraph 86.

### AS TO THE ALLEGATIONS ENTITLED "SEVENTH CLAIM FOR RELIEF"

87. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 86 of the Complaint as though fully set forth herein.

88. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

89. Defendants aver that the referenced agreement between the Plaintiff and Defendant Sunset Direct speaks for itself, and any allegations inconsistent therewith are hereby denied.

90. Defendants deny the allegations of Paragraph 90.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

91. Plaintiff's causes of action are barred in whole or in part by the doctrines of waiver and/or estoppel.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

92. Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

93. Plaintiff has completely failed to mitigate its alleged damages.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

94. Plaintiff's causes of action are barred in whole or in part by the doctrine of laches.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

95. Plaintiff's causes of action are barred in whole or in part by the doctrines of accord and satisfaction and/or release.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

96. Plaintiff's causes of action are barred in whole or in part by failure of consideration.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

97. To the extent that Plaintiff suffered any losses or damages, which Defendants expressly deny, those losses or damages resulted from the culpable actions of the Plaintiff.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

98. To the extent that Plaintiff suffered any losses or damages, which Defendants expressly deny, those losses or damages resulted from the actions of third parties over which Defendants exercised no control, and over which Defendants had no obligation to exercise any control.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

99. Following reasonable and diligent inquiry, Defendants deny, upon information and belief, any knowledge of and therefore the existence of any validly executed, appropriately authorized contract between Defendant Sunset Mortgage Company, L.P. and Plaintiff.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

100. Plaintiff's Complaint fails to state any claim upon which relief may be granted.

## **JURY TRIAL DEMANDED**

101.	Defendants demand a jury trial on all causes of action and issues.

WHEREFORE, Defendants request as follows:

1.	That this Court dismiss the Plaintiff's Complaint with prejudice and award nothing to the Plaintiff;

2.	That this Court deny the Plaintiff's apparent demand for an award of equitable relief, to the extent that the Complaint seeks such relief;

3.	That this Court award the Defendants their reasonable attorneys' fees and costs incurred in connection with this matter;

4.	That this Court award the Defendants such other and further relief as the Court deems just and proper.

Dated:	Philadelphia, Pennsylvania
	April 20, 2007

_____/s/  Matthew J. Norris
Matthew J. Norris, Esq. (MN-9929)
GOLLATZ, GRIFFIN & EWING, P.C.
Four Penn Center, Suite 200
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103-2808
*Attorneys for Defendants*
*Sunset Direct Lending, LLC, Sunset Mortgage Company, L.P., and*
*The Sunset Companies, L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of April, 2007, I caused a true and correct copy of the foregoing Answer and Counterclaim to be served on the following parties via the Court's electronic filing and case management system:

Allan N. Taffet, Esquire
Joshua C. Klein, Esquire
DUVAL & STACHENFELD LLP
300 East 42nd Street
New York, NY 10017
*Attorneys for Plaintiff DLJ Mortgage Capital, Inc.*

_____/s/_____
Matthew J. Norris