Duval & Stachenfeld LLP
Attorneys for Plaintiff
By: Allan N. Taffet, Esq. (AT-5181)
    Joshua C. Klein, Esq. (JK-4558)
300 East 42nd Street
New York, New York 10017
Tel. No.: (212) 883-1700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
DLJ MORTGAGE CAPITAL, INC., :
 :
                    Plaintiff, :
 :
         -against-              :           07 Civ. 1418 (HB)
 :
SUNSET DIRECT LENDING, LLC, SUNSET :
MORTGAGE CO., L.P. and THE SUNSET :
COMPANIES L.P., :
 :
                    Defendants. :
----------------------------------------------------------------- x

## PLAINTIFF DLJ MORTGAGE CAPITAL, INC.'S
## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff DLJ Mortgage Capital, Inc. ("DLJMC") respectfully submits its Proposed Findings of Fact and Conclusions of Law, the Affidavit of Bruce S. Kaiserman (the "Kaiserman Affidavit") and the exhibits annexed thereto, and the Declaration of Joshua C. Klein, Esq. (the "Klein Declaration"), in compliance with Magistrate Judge Theodore H. Katz's October 11, 2007 Order, issued in connection with the Order entered by District Judge Harold Baer on September 7, 2007, granting a default judgment in favor of DLJMC and against defendants Sunset Direct Lending, LLC ("Sunset Direct"), Sunset Mortgage Co., L.P. ("Sunset Mortgage") and the Sunset Companies L.P.

# I

## PROPOSED FINDINGS OF FACT

### A. The Parties

1. Plaintiff DLJMC is a corporation organized and existing under the laws of the state of Delaware. DLJMC is a purchaser of mortgage loans and maintains its principal place of business in New York, New York.[1] Complaint ¶ 3.

2. Defendant Sunset Direct is a limited liability company organized and existing under the laws of the state of Delaware. Sunset Direct is a mortgage banker and maintains its principal place of business in Lake Oswego, Oregon. Id. at ¶ 4.

3. Defendant Sunset Mortgage is a limited partnership organized and existing under the laws of the state of Pennsylvania. Sunset Mortgage is a mortgage banker and maintains its principal place of business in Chadds Ford, Pennsylvania. Id. at ¶ 5.

4. Defendant The Sunset Companies L.P. is a limited partnership organized and existing under the laws of the state of Pennsylvania with its principal place of business located in Chadds Ford, Pennsylvania. Id. at ¶ 6.

### B. The Loan Purchase Agreements

5. On October 1, 2004, DLJMC and Sunset Mortgage entered into a Mortgage Loan Purchase and Interim Servicing Agreement (the "Sunset Mortgage Purchase Agreement"). Id. at ¶ 7.

---

[1] Because Sunset Direct's, Sunset Mortgage's and The Sunset Companies L.P.'s defaults have been established, DLJMC's well-pleaded allegations concerning issues other than damages must be accepted as true. Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

6.    Under the Sunset Mortgage Purchase Agreement, Sunset Mortgage would originate and sell mortgage loans to DLJMC in accordance with the terms of the Sunset Mortgage Purchase Agreement. Id. at ¶ 8.

7.    On February 1, 2006, DLJMC and Sunset Direct entered into a Seller's Purchase, Warranties and Interim Servicing Agreement (the "Sunset Direct Purchase Agreement"). Id. at ¶ 9.

8.    Under the Sunset Direct Purchase Agreement, Sunset Direct would originate and sell mortgage loans to DLJMC in accordance with the terms of the Sunset Direct Purchase Agreement. Id. at ¶ 10.

C. **The Early Payment Default Loans**

**Sunset Direct's Failure to Repurchase
The Early Payment Default Loans From DLJMC**

9.    Pursuant to Section 3.05 of the Sunset Direct Purchase Agreement, entitled "Repurchase of Mortgage Loans with Early Payment Defaults," Sunset Direct agreed to repurchase from DLJMC certain mortgage loans as to which there occurred payment defaults within three months after the Closing Date (as defined in the Sunset Direct Purchase Agreement) for such Mortgage Loans. Section 3.05 of the Sunset Direct Purchase Agreement specifically provides as follows:

> If (a) a Mortgagor is thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due to [DLJMC] on the related Mortgage Loan immediately following the applicable Closing Date . . . [Sunset Direct], at [DLJMC's] option, shall promptly repurchase such Mortgage Loan from [DLJMC] within five (5) Business Days' of receipt of written notice from [DLJMC], in accordance with the procedures set forth in Section 3.03 hereof, however, any such repurchase shall be made at the Repurchase Price.

Id. at ¶ 13.

10. Further, pursuant to Section 3.05 of the Sunset Direct Purchase Agreement, as amended on February 1, 2006, Sunset Direct agreed to repurchase from DLJMC certain Sub Prime Mortgage Loans as to which there occurred payment defaults within three months after the Closing Date (as defined in the Sunset Direct Purchase Agreement) for such Sub Prime Mortgage Loans. Section 3.05 of the Sunset Direct Purchase Agreement, as amended on February 1, 2006, specifically provides as follows:

> If (a) a Mortgagor is thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due to [DLJMC] on the related Sub Prime Mortgage Loan immediately following the applicable Closing Date . . . [Sunset Direct], at [DLJMC's] option, shall promptly repurchase such Sub Prime Mortgage Loan from [DLJMC] within five (5) Business Days' of receipt of written notice from [DLJMC], in accordance with the procedures set forth in Section 3.03 hereof, however, any such repurchase shall be made at the Repurchase Price.

Id. at ¶ 14.

11. Certain of the Mortgage Loans and Sub Prime Mortgage Loans that DLJMC purchased from Sunset Direct pursuant to the Sunset Direct Purchase Agreement were thirty days or more delinquent within three months after the Closing Date (hereafter these loans are collectively referred to as the "Sunset Direct Early Payment Default Loans"). Id. at ¶ 15.

12. Accordingly, commencing no later than July 25, 2006, and continuing through January 17, 2007, DLJMC requested that Sunset Direct repurchase the Sunset Direct Early Payment Default Loans pursuant to Section 3.05 of the Sunset Direct Purchase Agreement (Attached as Exhibit C to the Kaiserman Aff. are true and correct copies of the repurchase requests issued to Sunset Direct by DLJMC between July 25, 2006 and January 17, 2007). Id. at ¶ 16.

4

13.     To date, Sunset Direct has refused and failed to repurchase the Sunset Direct Early Payment Default Loans from DLJMC notwithstanding Sunset Direct's express and unambiguous obligation to do so pursuant to the terms of the Sunset Direct Purchase Agreement. Id. at ¶ 17.

### Sunset Mortgage's Failure to Repurchase The Early Payment Default Loans From DLJMC

14.     Pursuant to Section 8.04 of the Sunset Mortgage Purchase Agreement, entitled "Early Payment Default," Sunset Mortgage agreed to repurchase from DLJMC certain mortgage loans as to which there occurred payment defaults within a certain number of months after the Closing Date (as defined in the Sunset Mortgage Purchase Agreement) for such Mortgage Loans. Section 8.04 of the Sunset Mortgage Purchase Agreement specifically provides as follows:

> In the event that, (i) the related Mortgagor becomes thirty (30) days or more delinquent with respect to the Mortgage Loan's first three (3) Monthly Payments due to [DLJMC] following the applicable Closing Date, (ii) the related Mortgagor is thirty (30) days delinquent with respect to a Mortgage Loan's fourth Monthly Payment due following the applicable Closing Date and fails to make the next succeeding Monthly Payment due within thirty (30) days of its Due Date . . . (each, an "Early Payment Default Mortgage Loan"), then upon five (5) Business Days' notice to [Sunset Mortgage], [Sunset Mortgage] shall immediately repurchase each such Mortgage Loan from [DLJMC] at the Repurchase Price and in the manner set forth in Subsection 8.03.

Id. at ¶ 18.

15.     Certain of the Mortgage Loans that DLJMC purchased from Sunset Mortgage pursuant to the Sunset Mortgage Purchase Agreement were Early Payment Default Mortgage Loans as defined under Section 8.04 of the Sunset Mortgage Purchase Agreement (hereafter these loans are collectively referred to as the "Sunset Mortgage Early Payment Default Loans"). Id. at ¶ 19.

16.     Accordingly, commencing no later than March 18, 2005, and continuing through July 31, 2006, DLJMC requested that Sunset Mortgage repurchase the Sunset Mortgage Early Payment Default Loans pursuant to Section 8.04 of the Sunset Mortgage Purchase Agreement. (Attached as Exhibit E to the Kaiserman Aff. are true and correct copies of the repurchase requests issued to Sunset Mortgage by DLJMC between March 18, 2005 and July 31, 2006). Id. at ¶ 20.

17.     To date, Sunset Mortgage has refused and failed to repurchase the Sunset Mortgage Early Payment Default Loans from DLJMC notwithstanding Sunset Mortgage's express and unambiguous obligation to do so pursuant to the terms of the Sunset Mortgage Purchase Agreement. Id. at ¶ 21.

**D.     The Premium Recapture Loans**

**Sunset Direct's Failure to Reimburse DLJMC
For The Premium Recapture Loans**

18.     Pursuant to Section 3.06 of the Sunset Direct Purchase Agreement, as amended on February 1, 2006, Sunset Direct agreed that for any Sub Prime Mortgage Loans (as defined in the Sunset Direct Purchase Agreement) that are prepaid in full during the first year after the related Closing Date (as defined in the Sunset Direct Purchase Agreement), Sunset Direct would, within thirty (30) days of such prepayment in full, reimburse DLJMC for the purchase premium paid pursuant to a formula set forth in Section 3.06 of the Sunset Direct Purchase Agreement. Id. at ¶ 22.

19.     Certain of the Sub Prime Mortgage Loans that DLJMC purchased from Sunset Direct pursuant to the Sunset Direct Purchase Agreement were prepaid in full during the first year after the related Closing Date (hereafter these loans are collectively referred to as the "Sunset Direct Premium Recapture Loans"). Id. at ¶ 23.

6

20. Accordingly, commencing no later than August 25, 2006, and continuing through January 11, 2007, DLJMC requested that Sunset Direct reimburse DLJMC for the purchase premium paid with respect to the Sunset Direct Premium Recapture Loans pursuant to Section 3.06 of the Sunset Direct Purchase Agreement. (Attached as Exhibit G to the Kaiserman Aff. are true and correct copies of the requests issued to Sunset Direct by DLJMC between August 25, 2006 and January 11, 2007). Id. at ¶ 24.

21. To date, Sunset Direct has refused and failed to reimburse DLJMC for the purchase premium paid for the Sunset Direct Premium Recapture Loans notwithstanding Sunset Direct's express and unambiguous obligation to do so pursuant to the terms of the Sunset Direct Purchase Agreement. Id. at ¶ 25.

**Sunset Mortgage's Failure to Reimburse DLJMC
For The Premium Recapture Loans**

22. Pursuant to Section 8.05 of the Sunset Mortgage Purchase Agreement, entitled "Premium Recapture," Sunset Mortgage agreed that for any loans that are prepaid in full during the three (3) month period from and after the related Closing Date (as defined in the Sunset Mortgage Purchase Agreement), Sunset Mortgage would, within thirty (30) days of such prepayment in full, reimburse DLJMC for the purchase premium paid pursuant to a formula set forth in Section 8.05 of the Sunset Mortgage Purchase Agreement. Id. at ¶ 26.

23. Certain of the Mortgage Loans that DLJMC purchased from Sunset Mortgage pursuant to the Sunset Mortgage Purchase Agreement were prepaid in full during the three month period from and after the Closing Date (hereafter these loans are collectively referred to as the "Sunset Mortgage Premium Recapture Loans"). Id. at ¶ 27.

24. On May 25, 2006, DLJMC requested that Sunset Mortgage reimburse DLJMC for the purchase premium paid with respect to the Sunset Mortgage Premium Recapture

Loans pursuant to Section 8.05 of the Sunset Mortgage Purchase Agreement. (Attached as Exhibit I to the Kaiserman Aff. is a true and correct copy of the May 25, 2006 request issued to Sunset Mortgage by DLJMC). Id. at ¶ 28.

25. To date, Sunset Mortgage has refused and failed to reimburse DLJMC for the purchase premium paid for the Sunset Mortgage Premium Recapture Loans notwithstanding Sunset Mortgage's express and unambiguous obligation to do so pursuant to the terms of the Sunset Mortgage Purchase Agreement. Id. at ¶ 29.

E. **The Breach of Representations and Warranties Loans**

**Sunset Direct's Failure to Repurchase The Breach of Representation and Warranty Loan From DLJMC**

26. Section 3.03 of the Sunset Direct Purchase Agreement provides that in the event Sunset Direct were to breach any of the representations and warranties set forth in Section 3.02 of the Sunset Direct Purchase Agreement, that upon discovery of such a breach by Sunset Direct or DLJMC that materially and adversely affects the value of the related Mortgage Loan or the interest of DLJMC in the related Mortgage Loan, the party discovering such breach shall give prompt written notice to the others. Further, Sunset Direct would have a period of sixty (60) days from the earlier of the breach's discovery or its receipt of notice of any such breach within which to correct or cure such breach. If such breach was not corrected or cured within the sixty (60) day period, Sunset Direct was obligated, at DLJMC's option, either to repurchase the Mortgage Loan at the Repurchase Price or substitute a Mortgage Loan for the Defective Mortgage Loan. Id. at ¶ 30.

27. One of the Mortgage Loans purchased by DLJMC from Sunset Direct breached one of the representations and warranties set forth in Section 3.02 of the Sunset

Direct Purchase Agreement (hereafter this loan is referred to as the "Sunset Direct Breach of Representation and Warranty Loan"). Id. at ¶ 31.

28.     On October 26, 2006, DLJMC requested, pursuant to Section 3.03 of the Sunset Direct Purchase Agreement, that Sunset Direct repurchase the Sunset Direct Breach of Representation and Warranty Loan from DLJMC. (Attached as Exhibit K to the Kaiserman Aff. is a true and correct copy of the October 26, 2006 repurchase request issued to Sunset Direct by DLJMC). Id. at ¶ 32.

29.     To date, Sunset Direct has refused and failed to repurchase the Sunset Direct Breach of Representation and Warranty Loan from DLJMC notwithstanding Sunset Direct's express and unambiguous obligation to do so pursuant to the terms of the Sunset Direct Purchase Agreement. Id. at ¶ 33.

### Sunset Mortgage's Failure to Repurchase The Breach of Representations and Warranties Loans From DLJMC

30.     Section 8.03 of the Sunset Mortgage Purchase Agreement provides that in the event Sunset Mortgage were to breach any of the representations and warranties set forth in Section 8.02 of the Sunset Mortgage Purchase Agreement, that upon discovery of such a breach by Sunset Mortgage or DLJMC that materially and adversely affects the value of the related Mortgage Loan or the interest of DLJMC in the related Mortgage Loan, the party discovering such breach shall give prompt written notice to the others. Further, Sunset Mortgage would have a period of sixty (60) days (or thirty (30) days with respect to a breach of Subsections 8.02(g), (pp), (qq), (tt) or (uu)) from the earlier of the breach's discovery or its receipt of notice of any such breach within which to use its best efforts promptly to cure such breach. If such breach was not cured within the sixty (60) day period, Sunset Mortgage

9

was obligated, at DLJMC's option, to repurchase the Mortgage Loan at the Repurchase Price. Id. at ¶ 34.

31.   Certain of the Mortgage Loans purchased by DLJMC from Sunset Mortgage breached certain of the representations and warranties set forth in Section 8.02 of the Sunset Mortgage Purchase Agreement (hereafter these loans are collectively referred to as the "Sunset Mortgage Breach of Representations and Warranties Loans"). Id. at ¶ 35.

32.   On December 16, 2005, DLJMC requested that Sunset Mortgage repurchase the Sunset Mortgage Breach of Representations and Warranties Loans from DLJMC. (Attached as Exhibit M to the Kaiserman Aff. is a true and correct copy of the repurchase request issued to Sunset Mortgage by DLJMC). Id. at ¶ 36.

33.   To date, Sunset Mortgage has refused and failed to repurchase the Sunset Mortgage Breach of Representations and Warranties Loans from DLJMC notwithstanding Sunset Mortgage's express and unambiguous obligation to do so pursuant to the terms of the Sunset Mortgage Purchase Agreement. Id. at ¶ 37.

**F.    The Sunset Companies L.P. Guaranty**

34.   Pursuant to Section 12.18 of the Sunset Direct Purchase Agreement, entitled "Guaranty," The Sunset Companies L.P. unconditionally and irrevocably guaranteed to DLJMC the prompt and complete performance by Sunset Direct of all of Sunset Direct's obligations and liabilities to DLJMC under the Sunset Direct Purchase Agreement. Id. at ¶ 38.

35.   Section 12.18 of the Sunset Direct Purchase Agreement further provides that The Sunset Companies L.P. agree "to pay any and all reasonable expenses (including, without limitation, all reasonable fees and disbursements of counsel) which may be paid or

incurred by [DLJMC] in enforcing, or obtaining advice of counsel in respect of, any rights with respect to, or collecting, any or all of the Obligations and/or enforcing any rights with respect to, or collecting against, [The Sunset Companies L.P.] under this Guaranty." Id. at ¶ 39.

### G. Indemnification Obligations Under the Purchase Agreements

36. Pursuant to Section 8.01 of the Sunset Direct Purchase Agreement, Sunset Direct agreed to indemnify DLJMC for any and all claims, losses, damages, penalties, fines, forfeitures, legal fees and related costs, judgments and any other costs, fees and expenses that DLJMC may sustain in any way related to Sunset Direct's failure to observe and perform its duties, obligations, and covenants in strict compliance with the terms of the Sunset Direct Purchase Agreement. Id. at ¶ 40.

37. Sunset Direct's indemnification obligation expressly includes the legal fees and related costs and any other costs, fees and expenses that DLJMC may sustain in connection with Sunset Direct's failure to observe and perform its obligation to repurchase the Sunset Direct Early Payment Default Loans and Sunset Direct Breach of Representation and Warranty Loan, including, but not limited to, the attorneys' fees and other expenses incurred in this action. Id. at ¶ 79.

38. Sunset Direct's indemnification obligation also expressly includes the legal fees and related costs and any other costs, fees and expenses that DLJMC may sustain in connection with Sunset Direct's failure to observe and perform its obligation to reimburse DLJMC for the Sunset Direct Premium Recapture Loans, including, but not limited to, the attorneys' fees and other expenses incurred in this action. Id. at ¶ 80.

39. Pursuant to Section 13.01 of the Sunset Mortgage Purchase Agreement, Sunset Mortgage agreed to indemnify DLJMC for any and all claims, losses, damages, penalties, fines, forfeitures, legal fees and related costs, judgments and any other costs, fees and expenses that DLJMC may sustain in any way related to Sunset Mortgage's failure to observe and perform its duties, obligations, and covenants in strict compliance with the terms of the Sunset Mortgage Purchase Agreement. Id. at ¶ 41.

40. Sunset Mortgage's indemnification obligation expressly includes the legal fees and related costs and any other costs, fees and expenses that DLJMC may sustain in connection with Sunset Mortgage's failure to observe and perform its obligation to repurchase the Sunset Mortgage Early Payment Default Loans and Sunset Mortgage Breach of Representations and Warranties Loans, including, but not limited to, the attorneys' fees and other expenses incurred in this action. Id. at ¶ 84.

41. Sunset Mortgage's indemnification obligation also expressly includes the legal fees and related costs and any other costs, fees and expenses that DLJMC may sustain in connection with Sunset Mortgage's failure to observe and perform its obligation to reimburse DLJMC for the Sunset Mortgage Premium Recapture Loans, including, but not limited to, the attorneys' fees and other expenses incurred in this action. Id. at ¶ 85.

II

## PROPOSED CONCLUSIONS OF LAW

A.  **DLJMC's Claims For Breach of Contract**[2]

42.  The general rule for measuring damages for a breach of contract is "the amount necessary to put the plaintiff in the same economic position [it] would have been in had the defendant fulfilled [its] contract." Indu Craft, Inc. v. Bank of Baroda, 47 F.3d 490, 495 (2d Cir. 1995).

43.  Further, a party prevailing in a breach of contract action is entitled to prejudgment interest from the date that the breach occurred until the date of final judgment. See CPLR §§ 5001 and 5002; U.S. Naval Inst. v. Charter Communications, Inc., 936 F.2d 692, 698 (2d Cir. 1991). The statutory rate for such prejudgment interest is nine percent per annum. See CPLR § 5004; Chaman LAL Setia Exp., Ltd. v. Sawhney, No. 00 Civ. 2838, 2003 WL 21649652, at *4 (S.D.N.Y. May 28, 2003).

44.  Based on the foregoing, and as set forth in the Kaiserman Aff., Sunset Direct is liable to DLJMC for damages on DLJMC's claim for breach of contract in the amount of $20,133,997.86, the sum of (a) $19,723,132.26, the amount owed for Sunset Direct's failure to repurchase the Sunset Direct Early Payment Default Loans and interest accrued thereon;[3]

---

[2] Since there are valid contracts governing the subject matter of the parties' dispute, the Court need not address DLJMC's causes of action for unjust enrichment. See ESI, Inc. v. Coastal Power Prod. Co., 995 F.Supp. 419, 436 (S.D.N.Y. 1998) (citing In re Chateaugay Corp., 10 F.3d 944, 958 (2d Cir. 1993) ("unjust enrichment is a quasi-contractual doctrine that applies only in the absence of a valid and enforceable contract").

[3] The Sunset Direct Purchase Agreement provides that Sunset Direct is to repurchase any Early Payment Default Loan within five (5) business days of receipt of written notice from DLJMC. For the sake of efficiency and simplicity, DLJMC will agree to use the date of the last repurchase request, January 17, 2007, as the relevant date for determining when Sunset Direct breached its obligation to repurchase the Sunset Direct Early Payment Default Loans. Assuming a breach date of January 24, 2007, therefore (5 business days from January 17, 2007), and calculating prejudgment interest through today's date, a total of 293 days have elapsed from the date Sunset Direct was obligated to repurchase the Sunset Direct Early

(b) $90,421.18, the amount owed for Sunset Direct's failure to reimburse DLJMC for the Sunset Direct Premium Recapture Loans and interest accrued thereon;[4] and (c) $320,444.42, the amount owed for Sunset Direct's failure to repurchase the Sunset Direct Breach of Representation and Warranty Loan and interest accrued thereon.[5]

45.  Based on the foregoing, and as set forth in the Kaiserman Aff., Sunset Mortgage is liable to DLJMC for damages on DLJMC's claim for breach of contract in the amount of $3,393,224.32, the sum of (a) $3,076,533.73, the amount owed for Sunset Mortgage's failure to repurchase the Sunset Mortgage Early Payment Default Loans;[6]

---

Payment Default Loans. At 9% interest per annum, the prejudgment interest owed to DLJMC as a result of Sunset Direct's failure to repurchase the Sunset Direct Early Payment Default Loans amounts to $1,328,918.92.

[4] With respect to the Sunset Direct Premium Recapture Loans, the Sunset Direct Purchase Agreement provides that Sunset Direct is to reimburse DLJMC within thirty (30) days of prepayment in full. For the sake of efficiency and simplicity, DLJMC will agree to use the date of the last request for reimbursement, January 11, 2007, as the relevant date for determining when Sunset Direct breached its obligation to reimburse DLJMC for the Sunset Direct Premium Recapture Loans. Assuming a breach date of February 10, 2007, therefore (30 days from January 11, 2007), and calculating prejudgment interest through today's date, a total of 276 days have elapsed from the date Sunset Direct was obligated to reimburse DLJMC for the Sunset Direct Premium Recapture Loans. At 9% interest per annum, the prejudgment interest owed to DLJMC as a result of Sunset Direct's failure to reimburse DLJMC for the Sunset Direct Premium Recapture Loans amounts to $5,761.50.

[5] The Sunset Direct Purchase Agreement provides that Sunset Direct is to repurchase the Sunset Direct Breach of Representation and Warranty Loan within sixty (60) days of receipt of written notice from DLJMC. The repurchase request is dated October 26, 2006. The date of the breach, therefore, is December 26, 2006. Calculating prejudgment interest through today's date, a total of 322 days have elapsed from the date Sunset Direct was obligated to repurchase the Sunset Direct Breach of Representation and Warranty Loan. At 9% interest per annum, the prejudgment interest owed to DLJMC as a result of Sunset Direct's failure to repurchase the Sunset Direct Breach of Representation and Warranty Loan amounts to $23,570.94.

[6] The Sunset Mortgage Purchase Agreement provides that Sunset Mortgage is to repurchase any Early Payment Default Loan within five (5) business days of receipt of written notice from DLJMC. For the sake of efficiency and simplicity, DLJMC will agree to use the date of the last repurchase request, July 31, 2006, as the relevant date for determining when the breach took place. Assuming a breach date of August 7, 2006, therefore (5 business days from July 31, 2006), and calculating prejudgment interest through today's date, a total of 463 days have elapsed from the date Sunset Mortgage was obligated to repurchase the Sunset Mortgage Early Payment Default Loans. At 9% interest per annum, the prejudgment interest owed to DLJMC as a result of Sunset Mortgage's failure to repurchase the Sunset

(b) $6,238.20, the amount owed for Sunset Mortgage's failure to reimburse DLJMC for the Sunset Mortgage Premium Recapture Loans;[7] and (c) $310,452.39, the amount owed for Sunset Mortgage's failure to repurchase the Sunset Mortgage Breach of Representations and Warranties Loans.[8]

**B.     DLJMC's Claims For Indemnification**

46.     Courts will enforce contractual indemnification provisions to permit one party to a contract to recover costs and legal fees from the other party in litigation between them, if the right to such costs and fees is "unmistakably clear from the language of the promise," Hooper Associates, Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 548 N.E.2d 903, 549 N.Y.S.2d 365 (1989), or "manifest from the surrounding facts and circumstances or purpose of the agreement" Breed, Abbott & Morgan v. Hulko, 139 A.D.2d 71, 531 N.Y.S.2d 240 (1st Dep't 1988).

---

Mortgage Early Payment Default Loans amounts to $315,241.25.

[7] With respect to the Sunset Mortgage Premium Recapture Loans, the Sunset Mortgage Purchase Agreement provides that Sunset Mortgage is to reimburse DLJMC within thirty (30) days of prepayment in full. The request for reimbursement is dated May 25, 2006. The date of the breach, therefore, is June 24, 2006. Calculating prejudgment interest through today's date, a total of 507 days have elapsed from the date Sunset Mortgage was obligated to reimburse DLJMC for the Sunset Mortgage Premium Recapture Loans. At 9% interest per annum, the prejudgment interest owed to DLJMC as a result of Sunset Mortgage's failure to reimburse DLJMC for the Sunset Mortgage Premium Recapture Loans amounts to $693.20.

[8] The Sunset Mortgage Purchase Agreement provides that Sunset Mortgage is to repurchase the Sunset Mortgage Breach of Representations and Warranties Loans within sixty (60) days of receipt of written notice from DLJMC. The repurchase request is dated December 16, 2005. The date of the breach, therefore, is February 15, 2006. Calculating prejudgment interest through today's date, a total of 636 days have elapsed from the date Sunset Mortgage was obligated to repurchase the Sunset Mortgage Breach of Representations and Warranties Loans. At 9% interest per annum, the prejudgment interest owed to DLJMC as a result of Sunset Mortgage's failure to repurchase the Sunset Mortgage Breach of Representations and Warranties Loans amounts to $42,085.77.

47.     Here, the parties' intention that DLJMC would be indemnified for attorneys' fees in suits between the parties is explicitly stated.  <u>See</u> Sunset Direct Purchase Agreement, Section 8.01 and Sunset Mortgage Purchase Agreement, Section 13.01.

48.     Based on the foregoing, and as set forth in the Declaration of Joshua C. Klein, DLJMC is entitled to recover $39,799.44 for professional services rendered by Duval & Stachenfeld LLP and $1,466.00 in costs, amounting to $41,265.44.

## C.     **The Guaranty**

49.     Pursuant to Section 12.18 of the Sunset Direct Purchase Agreement, The Sunset Companies L.P. unconditionally and irrevocably guaranteed to DLJMC the prompt and complete performance by Sunset Direct of all of Sunset Direct's obligations and liabilities to DLJMC under the Sunset Direct Purchase Agreement.

50.     Section 12.18 of the Sunset Direct Purchase Agreement further provides that The Sunset Companies L.P. agree "to pay any and all reasonable expenses (including, without limitation, all reasonable fees and disbursements of counsel) which may be paid or incurred by [DLJMC] in enforcing, or obtaining advice of counsel in respect of, any rights with respect to, or collecting, any or all of the Obligations and/or enforcing any rights with respect to, or collecting against, [The Sunset Companies L.P.] under this Guaranty."

51.     Accordingly, The Sunset Companies L.P. is liable to DLJMC for all sums as to which Sunset Direct is liable to DLJMC and DLJMC should be entitled to recover these damages directly from The Sunset Companies L.P.

## **CONCLUSION**

For the reasons set forth above, it is respectfully submitted that DLJMC is entitled to the damages set forth herein. DLJMC does not believe that a hearing on damages is necessary.

Dated: New York, New York
       November 12, 2007

                                              Respectfully submitted,

                                              Duval & Stachenfeld LLP

By: _____
      Allan N. Taffet, Esq. (AT-5181)
      Joshua C. Klein, Esq. (JK-4558)
      300 East 42nd Street
      New York, New York 10017
      Tel. No.: (212) 883-1700

      *Attorneys for Plaintiff*
      *DLJ Mortgage Capital, Inc.*

## **CERTIFICATE OF SERVICE**

On November 12, 2007, I served DLJ Mortgage Capital, Inc.'s Proposed Findings of Fact and Conclusions of Law, the Affidavit of Bruce S. Kaiserman and the exhibits annexed thereto, and the Declaration of Joshua C. Klein, Esq. on the following via Federal Express:

Sunset Direct Lending, LLC
5000 SW Meadows Road, Suite 131
Lake Oswego, OR 97035

Sunset Mortgage Co., L.P.
3 Dickenson Drive
Chadds Ford, PA 19317

The Sunset Companies, LP
3 Dickenson Drive
Chadds Ford, PA 19317

_____
Joshua C. Klein