**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
**DLJ MORTGAGE CAPITAL, INC.,** :
:
             **Plaintiff,** :
: **07 Civ. 1418 (HB)(THK)**
        **- against -** :
: **OPINION & ORDER**
**SUNSET DIRECT LENDING, LLC,** :
**SUNSET MORTGAGE CO., L.P., and** :
**THE SUNSET COMPANIES, L.P.,** :
:
           **Defendants.** :
-------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge[*]:**

    This case arises out of Plaintiff DLJ Mortgage Capital, Inc.'s complaint dated February 27, 2007, alleging breach of contract against Defendants Sunset Direct Lending, LLC ("Sunset Direct"), Sunset Mortgage Co., L.P. ("Sunset Mortgage"), and The Sunset Companies, L.P. ("Sunset Companies"). This Court entered an Order for default judgment in favor of the Plaintiff on November 9, 2007. The case was referred to Magistrate Judge Theodore H. Katz for an inquest on damages.

    On June 23, 2008, Judge Katz recommended that a default judgment be entered (1) against Sunset Direct and Sunset Companies, jointly and severally, in the amount of $18,775,746.50, plus prejudgment interest through November 12, 2007, in the amount of $1,358,251.36; and (2) against Sunset Mortgage in the amount of $3,035,204.10, plus prejudgment interest through November 12, 2007, in the amount of $358,020.22. Plaintiff is entitled to additional prejudgment interest until the date upon which judgment is entered. In addition, Defendants are jointly and severally liable for Plaintiff's attorneys' fees in the amount of $39,799.44 and costs in the amount of $1,116.00. No party has objected to Judge Katz's recommendations.

    For the following reasons, this Court approves, adopts, and ratifies the Report and Recommendation of Judge Katz dated June 23, 2008 in its entirety.

---

[*] William Schleifer, a Fall 2008 intern in my Chambers and a third-year law student at St. John's Law School, provided substantial assistance in the research and drafting of this opinion.

# I. FACTUAL BACKGROUND

## A.    Breach of Contract

On October 1, 2004, Plaintiff and Sunset Mortgage entered into a Mortgage Loan Purchase and Interim Servicing Agreement ("Sunset Mortgage Purchase Agreement").    On February 1, 2006, Plaintiff and Sunset Direct entered into a similar agreement, the Seller's Purchase, Warranties, and Interim Servicing Agreement ("Sunset Direct Purchase Agreement"). Judge Katz found that Defendants Sunset Mortgage and Sunset Direct breached three similar provisions in their respective contracts with Plaintiff: (1) Defendants failed to repurchase loans due to early payment defaults in violation of Section 3.05 of the Sunset Direct Purchase Agreement and Section 8.04 of the Sunset Mortgage Agreement (the "Early Payment Default Breach"); (2) Defendants failed to reimburse Plaintiff for loses incurred due to mortgage loan prepayments in violation of Section 3.06 of the Sunset Direct Purchase Agreement and Section 8.05 of the Sunset Mortgage Purchase Agreement ("Premium Recapture Breach"); and (3) Defendants failed to repurchase loans arising out of breaches of the representations and warranties set forth in Section 3.02 of the Sunset Direct Purchase Agreement and Section 8.02 of the Sunset Mortgage Purchase Agreement ("Representations and Warranties Breach").

As a result of these breaches of contract, Judge Katz found that Plaintiff was entitled to the following damages:

*Sunset Direct:* The total owed to Plaintiff by Sunset Direct, for breach of contract, is $20,133,997.86, which is the sum of (1) the amount owed for Sunset Direct's Early Payment Default Breach ($18,394,213.34),[1] plus interest ($1,328,918.92);[2] (2) the amount owed for Sunset Direct's Premium Recapture Breach ($84,659.68),[3] plus interest ($5,761.50);[4] and (3) the

---

[1] The formula for establishing the repurchase price is set forth in the Sunset Direct Purchase Agreement. See Kaiserman Supp. Aff. ¶¶ 5-8.

[2] The New York statutory rate of interest, 9%, was applied. To simplify the calculation of interest, Plaintiff agreed to a breach date of January 24, 2007, which is five business days after the last repurchase request was issued.

[3] The formula set forth in Section 3.06 of the Sunset Direct Purchase Agreement, as amended on February 1, 2006, was applied. See Kaiserman Supp. Aff. ¶ 29.

[4] A 9% rate of interest was applied for the period of February 10, 2007 through November 12, 2007 (a total of 276 days).

amount owed for Sunset Direct's Representations and Warranties Breach ($296,873.48),[5] plus interest ($23,570.94).[6]

*Sunset Companies:* Based on the guaranty in Section 12.18 of the Sunset Direct Purchase Agreement, the Sunset Companies are obligated to pay amounts owed by Sunset Direct to Plaintiff. Accordingly, Sunset Companies are jointly and severally liable with Sunset Direct for the breach of contract damages and prejudgment interest, which totaled $20,133,997.86, including interest, as of November 12, 2007.

*Sunset Mortgage:* The total owed to Plaintiff by Sunset Mortgage, for breach of contract is $3,393,224.32, which is the sum of (1) the amount owed for Sunset Mortgage's Early Payment Default Breach ($2,761,292.48),[7] plus interest ($315,241.25);[8] (2) the amount owed for Sunset Mortgage's Premium Recapture Breach ($5,545.00),[9] plus interest ($693.20)[10]; and (3) the amount owed for Sunset Mortgage's Representations and Warranties Breach ($268,366.62),[11] plus interest ($42,085.77).[12]

## B.      Indemnification: Attorney Fees and Costs

Pursuant to Section 8.01 of the Sunset Direct Purchase Agreement, Sunset Direct is obligated to indemnify Plaintiff for any losses, damages, legal fees, and related costs sustained that are in any way related to Sunset Direct's breach of the Purchase Agreement. Pursuant to Section 13.01 of the Sunset Mortgage Purchase Agreement, Sunset Mortgage is obligated to indemnify Plaintiff for any losses, damages, legal fees, and related costs incurred that are in any way related to Sunset Mortgage's failure to fulfill its obligations under the Purchase Agreement.

---

[5] The figure is derived from the Repurchase Price formula set forth in the Sunset Direct Purchase Agreement. See Kaiserman Supp. Aff. ¶¶ 18-19.

[6] A 9% rate of interest was applied for the period of December 26, 2006 through the date of the inquest submissions (a total of 322 days).

[7] The figure is derived from the Repurchase Price formula set forth in the Sunset Mortgage Purchase Agreement. See Kaiserman Supp. Aff. ¶¶ 11-13.

[8] The interest is derived from the application of a 9% rate to the 463 days that elapsed between August 7, 2006 (five business days after Plaintiff's last repurchase request) and the date of the inquest submissions. See Pl.'s Proposed Findings at 14 n.6.

[9] The amount owed was calculated using the formula set forth in Section 8.05 of the Sunset Mortgage Purchase Agreement. See Kaiserman Supp. Aff. ¶ 34.

[10] The interest was derived by applying a 9% rate from the date of the breach, June 24, 2006 (thirty days after the May 26, 2006 request for reimbursement sent by Plaintiff), to the date the inquest submissions were filed (a total of 507 days).

[11] This amount was derived from the repurchase price formula set forth in the Sunset Mortgage Purchase Agreement. See Kaiserman Supp. Aff. ¶¶ 23-24.

[12] The interest was derived by applying a 9% rate to the 636 days that elapsed between the date of breach and the date of Plaintiff's inquest submissions. See Pl.'s Proposed Findings at 15 n.8.

Judge Katz found that Plaintiff was owed $39,799.44[13] in attorneys' fees and $1,116.00[14] in costs, and that Defendants were jointly and severely liable for these amounts.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), upon the issuance of a United States Magistrate Judge's Report and Recommendation and "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." *See also* Fed. R. Civ. P. 72(b) ("Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations."). To date, no party has filed an objection.

Where no timely objection to a Report and Recommendation is made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). After conducting the appropriate level of review, the court may then accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); *see also* Local Civil Rule 72.1(d). Having reviewed the Report, and finding no clear error on the face of the record, *see* 28 U.S.C. § 636(b)(1)(B), this Court approves, adopts, and ratifies the Report and Recommendation of Magistrate Judge Katz, dated June 23, 2008.

Default Judgment is entered (1) against Sunset Direct and the Sunset Companies, jointly and severally, in the amount of $18,775,746.50, plus prejudgment interest through November 12, 2007, in the amount of $1,358,251.36; and (2) against Sunset Mortgage in the amount of $3,035,204.10, plus prejudgment interest through November 12, 2007, in the amount of $358,020.22. Plaintiff is entitled to additional prejudgment interest until the date upon which judgment is entered. In addition, Defendants are jointly and severally liable for Plaintiff's attorney fees in the amount of $39,799.44 and costs in the amount of $1,116.00.

The Clerk of the Court is directed to close this case and remove it from my docket.

## IT IS SO ORDERED.

New York, New York

~~September~~ , 2008

**U.S.D.J.**

---

[13] A total of 116.3 attorney hours and 3 paralegal hours were expended in this action.

[14] Costs comprise the filing fee and service of process.

4